## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| **RYAN FISK,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 6:23-cv-101** |
| | § | |
| | § | **JURY DEMANDED** |
| | § | |
| **SANDERSON FARMS, INC.** | § | |
| **(Production Division)** | § | |
| **Defendant.** | § | |

## PLAINTIFF'S ORGINAL COMPLAINT

Plaintiff Ryan Fisk hereby files this, his Original Complaint, against Defendant Sanderson Farms, Inc. (Production Division) for violating federal law.  The causes of action and summary of claims relating thereto are addressed below:

### I.     PARTIES, JURISDICTION AND VENUE

1.     Plaintiff Ryan Fisk ("Plaintiff" or "Fisk") is currently a citizen and resident of Tyler, Texas.

2.     Defendant Sanderson Farms, Inc. (Production Division) ("Sanderson Farms" or "Defendant") is a Mississippi corporation licensed to do business in Texas.  Defendant's main offices are located at 127 Flynt Road, Laurel, Mississippi 39443.

3.      Defendant Sanderson Farms will be served by and through its registered agent for service, CT Corporation System, 1999 Bryan St #900, Dallas, TX 75201.

4.     This court has jurisdiction to hear the merits of Plaintiff's claims under 28 U.S.C. §§1331 & 1343.  Venue exists in this district and division as detailed in 28 U.S.C. §1391.

5.     Most of the acts alleged herein occurred in Smith County, Texas.

6.     Plaintiff filed a Charge of Discrimination with the EEOC on or about May 22, 2022

alleging discrimination on the basis of an actual or perceived disability in violation of the Americans with Disabilities Act. More than 180 days have passed since he filed his Charge of Discrimination and a right to sue letter has been received by Plaintiff.

## II.    FACTUAL BACKGROUND

7.    Plaintiff Fisk was employed by Sanderson Farms from March 1, 2017 until he was terminated on January 24, 2022. Fisk started at Sanderson Farms as a Processing Trainee. He was promoted to Broiler Supervisor in March 2019. Fisk suffers from a seizure disorder.

8.    The Broiler Supervisor position is very demanding, and management is very hard on them. For this reason, there is a constant turnover of techs. For the last two plus years prior to Fisk's termination, there was high turnover, so he was given the extra farms on top of an already heavy load until new techs were hired. Fisk worked an average of 12 to 14 hours a day and was expected to be available by phone 24/7. It is a very high stress job and the expectations are sometimes unrealistic. Fisk always had good performance reviews and was given the year-end bonus in December 2021.

9.    In March of 2021 Fisk applied for and was approved for FMLA leave for the first surgery to correct his seizure disorder and was out about 5 weeks. Fisk submitted documentation to support his FLMA leave which was accepted by Sanderson Farms. Sanderson Farms was well aware of Fisk's seizure disorder diagnosis.

10.    On January 15, 2022, Fisk had a car accident, about 5:25 p.m. in the company pick-up truck in the course and scope of his employment with Sanderson Farms. Fisk was on duty that weekend and was on his way home from the last farm. Fisk has no memory of the accident itself, but the police report stated he had a seizure. An ambulance was called and Fisk was transported to Quitman ER and was released a couple of hours later.

11.    After the accident, Fisk called the Division Manager, Ashley Fontenot, from the ER

to report the accident.  She insisted that he come to the plant that night to take a drug test.  Fisk's parents drove him there and he was drug tested and turned in the hospital discharge paperwork.

12.    Fisk was placed on suspension pending investigation for the next week. On Tuesday, January 25, 2022, Fisk was called into the HR office and was terminated. The reason given was that he had damaged company property due to the car accident.

13.    At the time of his termination, Plaintiff's protected leave did not exceed twelve (12) weeks.

14.    Prior to Plaintiff's termination by Defendant, he had worked for Defendant for more than twelve (12) months, and for more than 1,250 hours during that twelve-month period.

15.    Defendant employed, and continues to employ, fifty or more persons at, or within a seventy-five (75) mile radius of, the location where Plaintiff worked.

16.    Plaintiff had not taken twelve (12) weeks of off work for a serious health condition, or otherwise, during the twelve-month period prior to (a) the onset of his serious health condition, or (b) the time of his termination.

### III.    CAUSES OF ACTION

#### A.    AMERICANS WITH DISABILITIES ACT

17.    Plaintiff realleges and incorporates the allegations contained in Paragraphs 1 through 16 as if fully stated herein.

18.    At all times relevant to his claims, Fisk has been an individual with a "disability" within the meaning of Section 3(2) of the Americans with Disabilities Act, 42 U.S.C. § 12102(2). More particularly, Plaintiff has physical impairments that substantially limits one or more of his major life activities, has a record of such an impairment, and/or was regarded by the Defendant as having such impairments.

19.    Plaintiff is a "qualified individual with a disability" as that term is defined in §

101(8) of the ADA, 42 U.S.C. § 12111(8).  More specifically, Plaintiff is an individual with a disability who, with reasonable accommodation, can perform the essential functions of his job.

20.    Sanderson Farms terminated Plaintiff because of his actual or perceived disabilities in violation of the ADA.

21.    The effect of these unlawful practices has been to deprive Plaintiff of equal employment opportunities, and to otherwise adversely affect his employment status as an individual with a disability within the meaning of the ADA.

22.    The unlawful employment practices complained of above were willful within the meaning of Section 706(g)(1) of Title VII, 42 U.S.C. § 2000e-5(g)(1), as incorporated by Section 107(a) of the ADA, 42 U.S.C. § 12117(a).

23.    The unlawful employment practices described above were intentional and were committed with malice or with reckless indifference to the federally protected civil rights of Plaintiff.

## B.    FAMILY MEDICAL LEAVE ACT VIOLATION

24.    Plaintiff realleges and incorporates the allegations contained in Paragraphs 1 through 23 as if fully stated herein.

25.    Plaintiff has satisfied all jurisdictional prerequisites in connection with his claim under the Family Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601 et. seq.

26.    Defendant is an "employer" as defined by the FMLA in 29 U.S.C. § 2611(4).

27.    During the time that Plaintiff was employed by Defendant, in 2022, he was an "eligible employee" as defined by the FMLA in 29 U.S.C. § 2611(2).

28.    While Plaintiff was employed by Defendant, Plaintiff had a medical condition that can be defined as a "serious health condition" under the FMLA as outlined in 29 U.S.C. § 2611(11).

29.    Plaintiff was entitled to medical leave for his own serious health condition as

provided for in the FMLA (in 29 U.S.C. § 2612(a)(1)(C)).

30.     Prior to exhausting the twelve (12) weeks of medical leave allowed under the FMLA (as discussed in 29 U.S.C. § 2612(a)(1)), Defendant terminated Plaintiff's employment for taking this medical leave.

31.     Defendant did not properly request additional information or a proper certification from the employee for his FMLA qualifying leave nor did Defendant provide Plaintiff with an adequate written warning or sufficient time to provide additional documentation, which violates the protections of the FMLA as outlined in 29 C.F.R. § 825.208(a)(2) and 29 U.S.C. § 2613.

32.     Alternatively, Defendant retaliated against Fisk by reason of his exercise of his rights under the FMLA.

## DAMAGES

33.     As a result of Defendant's violations of the FMLA, FFCRA, FLSA and ADA, Plaintiff has suffered actual damages in the form of lost wages and benefits (past and future), in an amount that has not yet been fully established, but which will be provided at time of trial.

34.     As a result of this willful violation of the FMLA FFRCA, FLSA and ADA, Plaintiff requests that he be awarded all damages, to which he is entitled, as outlined in 29 U.S.C. § 2617, including, but not limited to, lost wages, salary, employee benefits, and any other compensation denied or lost as a result of the violation, plus interest.

35.     In addition, Plaintiff requests liquidated damages equal to the amount of reimbursable compensation described above.  Plaintiff also requests any additional equitable relief to which he is entitled.

36.     Plaintiff also requests reasonable attorney's fees and court costs.

## IV.    JURY DEMAND

37.    Plaintiff requests trial by jury on all claims.

## V.    PRAYER FOR RELIEF

Wherefore, Plaintiff requests that Defendant be cited to appear and answer, and that on final trial, Plaintiff have judgment against Defendant as follows:

a.    Judgment against Defendant for Plaintiff's actual damages, including lost wages and benefits (both back pay and front pay), amount to be determined;

b.    Judgment against Defendant for liquidated damages for the maximum amount allowed by law, including doubling of all back pay awarded;

c.    An order that Defendant take such other and further actions as may be necessary to redress Defendants' violation of the FMLA;

d.    Pre-judgment and post-judgment interest at the maximum amount allowed by law;

e.    Costs of suit, including attorney's fees;

f.    The award of such other and further relief, both at law and in equity, including injunctive relief and reinstatement, to which Plaintiff may be justly entitled.

Respectfully submitted,

/s/ *William S. Hommel, Jr.*
William S. Hommel, Jr.
State Bar No. 09934250
bhommel@hommelfirm.com
Hommel Law Firm P.C.
5620 Old Bullard Road, Suite 115
Tyler, Texas 75703
903-596-7100 Telephone/Facsimile

ATTORNEY FOR PLAINTIFF